IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| GLENDA DENISE BROWN,<br><br>    Plaintiff<br><br>  VS.<br><br>JO ANNE B. BARNHART,<br>S.S. Commissioner,<br><br>    Defendant | NO. 5:05-CV-193(DF)<br><br>**SOCIAL SECURITY APPEAL** |

# RECOMMENDATION

This is a review of a final decision of the Commissioner of Social Security denying the plaintiff's claim for benefits under the Social Security Act, 42 U.S.C. § 423. All administrative remedies have been exhausted. Jurisdiction arises under 42 U.S.C. § 405(g).

## HISTORY

On March 26, 2001 the plaintiff filed an application for Disability Insurance Benefits. The claim was denied initially and on reconsideration before a hearing was requested. The hearing occurred on March 24, 2004 and the administrative law judge (ALJ) denied benefits on July 30, 2004. This civil action was commenced after the recommendation to deny benefits was adopted as the Commissioner's final decision in this case.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler, supra*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). However, the claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. §§ 404.1 *et seq*.

Under the regulations, the Commissioner determines if a claimant is disabled by a five step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevents the performance of any other work.

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). *See also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each impairment, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence presented is grounds for reversal. *Id*.

## DISCUSSION

The plaintiff's first argument appears to center around the ALJ's finding regarding the plaintiff's obesity.[2] The plaintiff contends that the ALJ erred when not considering her obesity a severe impairment, instead chiding her on her inability to prudently maintain her own weight. To the contrary, the ALJ specifically acknowledged the plaintiff's morbid obesity as a "severe impairment" (Tr. at 13), and as a result of obesity and other severe impairments, the ALJ's analysis limited the plaintiff to light work. Tr. at 15-16. Nowhere in his recommendation does the ALJ reprimand the plaintiff for her inability to maintain her weight. The plaintiff's first argument is baseless.

The second argument in the plaintiff's brief deals with the ALJ's alleged improper rejection of the opinions of treating and examining physicians. The plaintiff cites no specific doctor whose opinion was rejected and after reviewing the record, the undersigned does not find any doctor whose testimony, even if taken as entirely true, would support a finding of disability. Accordingly, this argument is rejected.

The third contention in plaintiff's brief is that the plaintiff's subjective pain complaints were not evaluated under the proper standard. An ALJ may only credit subjective symptoms to the extent that they can be accepted as consistent with medical and other evidence in the record. The record in this case does not indicate any pain or mental symptom that would preclude plaintiff's pursuing gainful employment. She cites to the record where an examiner found tenderness and pain in L2-L4 (Tr. at 124 and 138), but there is nothing regarding the amount of pain she could have been facing

---

[2]The plaintiff's first argument purports to be about medical equivalency, but the plaintiff's Brief does not allege which Medical Listing her condition equals. Since the plaintiff is proceeding *pro se*, this court will view her pleadings liberally.

and the examiner did not limit her workload as a result.

The plaintiff's final argument is that the transcript is not complete as a result of the Social Security Disability Adjudicator's failure to include two medical reports. If the plaintiff had more evidence to support her case, she should have presented it at her hearing.

The undersigned finds that the ALJ correctly found the plaintiff not to be disabled. Accordingly, IT IS RECOMMENDED that the Commissioner's decision be AFFIRMED. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 15th day of MAY, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE