UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

GLENDA DENISE BROWN	:
						:
	Plaintiff,			:
						:
vs.					:	NO. 5:05-CV-193 (CAR)
						:
JO ANNE B. BARNHART,	:
Commissioner of Social Security,	:	SOCIAL SECURITY APPEAL
						:
	Defendant.			:

## *ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION*

Before the Court is Plaintiff's Motion for Reconsideration [Doc. 23]. Plaintiff, proceeding *pro se* and *in forma pauperis*, moves this Court to reconsider its Order [Doc. 21] adopting the United States Magistrate Judge's Recommendation [Doc. 20] to affirm the Social Security Commissioner's final decision to deny Plaintiff Disability Insurance Benefits. In its Order, the Court agreed that the ALJ correctly found Plaintiff not to be disabled, rejecting Plaintiff's arguments that (1) the ALJ erred by not considering her obesity a severe impairment; (2) the ALJ improperly rejected the opinions of treating and examining physicians; (3) the ALJ failed to evaluate Plaintiff's subjective pain complaints under the proper standard; and (4) the transcript is incomplete due to the Social Security Disability Adjudicator's failure to include two medical reports. Plaintiff now requests that the Court reconsider its Order. For the following reasons, Plaintiff's motion is **DENIED**.

Reconsideration of a previous order is an extraordinary remedy, and should be employed sparingly. Region 8 Forest Servs. Timber Purchasers Council v. Alcock, 993 F.2d 800, 805-06 (11th Cir. 1993); Am. Ass'n of People With Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003). Motions for reconsideration serve a "narrow purpose," namely, to "correct manifest errors of law

or fact or to present newly discovered evidence that could not have been discovered at the time of the original motion." Groover v. Michelin N. Am., Inc., 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000). Accordingly, reconsideration is appropriate only if the movant demonstrates that: (1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice. Richards v. United States, 67 F. Supp. 2d 1321, 1322 (M.D. Ala. 1999); McCoy v. Macon Water Auth., 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997). Given its narrow purpose, "[a]dditional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Groover, 90 F. Supp. 2d at 1256.

In her Motion for Reconsideration, Plaintiff recites the standard for determining whether an individual is disabled and reiterates her former arguments, arguments that the ALJ, the United States Magistrate Judge, and this Court have previously considered and determined were unsuccessful to her claim. Although the Court is sympathetic to Plaintiff's plight, because she has shown no change in law, no new evidence, and no need to correct clear error or prevent manifest injustice, this Court finds no compelling reason to set aside its prior decision. See U.S. v. Amtreco, Inc., 858 F. Supp. 1189, 1190 (M.D.Ga. 1994); Estate of Pidcock v. Sunnyland American, Inc., 726 F. Supp. 1322, 1333 (S.D.Ga. 1989). Accordingly, Plaintiff's Motion for Reconsideration is **DENIED.**

**SO ORDERED**, this 29th day of August, 2007.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

SSH